**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UZAIR AHMED CHOWDHURY,

      Petitioner,

v.

                                    Case No. 2:26-cv-01090-MIS-LF

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
and MARY DE ANDA-YBARRA, El Paso
Field Office Director, Immigration and
Customs Enforcement,

      Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Uzair Ahmed Chowdhury's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 9, 2026. On April 27, 2026, the Federal Respondents ("Respondents") filed a Response ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

**I.**      **Background**

Petitioner is a citizen of Bangladesh who entered the United States on December 24, 2021, on an F1 student visa. See Form I-213 Record of Deportable/Inadmissible Alien at 1-2, ECF No.

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

6-1.  On October 27, 2023, his F1 visa was terminated because he failed to attend college.  Id. at 2-3.

On October 23, 2024, Petitioner filed a Form I-589 application for asylum.  Id. at 3.

In April 2025, Petitioner was arrested on a bench warrant by the Miami-Dade County Sheriff's Office for loitering/prowling and detained at the Truner Guilford Knight Correctional Center ("TGK") in Miami, Florida.  Id. at 3, 6, 9.  While in custody, Petitioner received a new charge for sexual assault.  Id. at 3, 5-6, 8-9.  U.S. Immigration and Customs Enforcement ("ICE") officers lodged an immigration detainer with TGK, arrested Petitioner, and initiated removal proceedings against him on April 9, 2025.  Id.  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  See Pet. at 1.

On December 3, 2025, an Immigration Judge ("IJ") issued two orders.  First, the IJ granted the Government's motion to pretermit Petitioner's I-589 Application for Asylum, finding that Petitioner "was statutorily barred from Asylum due to his late filing.[2]  Additionally, Respondent did not establish that the alleged persecution he suffered was due to his Political Opinion."  ECF No. 6-2 at 1; see also Oral Decision of the Immigration Judge, ECF No. 1 at 21-26.  Second, the IJ issued an Order denying Petitioner's applications for asylum and for withholding of removal under the Immigration and Nationality Act ("INA") and Convention Against Torture, and ordering Petitioner removed to Bangladesh.  ECF No. 6-3.  According to the Executive Office for Immigration Review's website, Petitioner has not appealed the IJ's Orders.  See https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 28, 2026).

---

[2]      An application for asylum generally must be filed within one year after the date of a noncitizen's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B).

2

On February 3, 2026, Petitioner was given a bond hearing before the Immigration Judge. See Order of the Immigration Judge (Feb. 3, 2026), ECF No. 6-4.  The IJ denied Petitioner bond on the following grounds: "[Petitioner] went through an individual merits hearing on December 3, 2025, which concluded with the court granting DHS' [Department of Homeland Security] motion to pretermit.  The court denied Respondent a bond due to him being a flight risk because of his speculative relief (pending appeal of removal order) and tenuous US ties."  Id. at 1.

On April 9, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 1.  On April 13, 2026, the Court issued an Order to Show Cause directing Respondents to answer the Petition and show cause why it should not be granted.  ECF No. 4.  On April 27, 2026, Respondents filed their Response.  ECF No. 6.

II.     **Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.   Discussion

Petitioner challenges the IJ's denial of his application for asylum, explaining why he was not enrolled in college after 2022, that he was not aware that he was required to file his application for asylum within one year of entry, and that his fear of returning to Bangladesh is based on his political opinion.  Pet. at 6-7.  Respondents argue that the Court lacks jurisdiction to review the IJ's bond decision, and that Petitioner's detention pending his removal proceedings is lawful. Resp. at 2-4.

The Court must deny the Petition because it is not authorized to review the IJ's asylum and bond decisions.  First, The Court lacks jurisdiction to review the IJ's decision on Petitioner's asylum claim.  Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders.  See Jennings v. Rodriguez, 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.  Id. at 317. Consequently, the Petition is denied to the extent it seeks review of the IJ's asylum decision.

Second, the Court is barred from reviewing the IJ's bond decision.  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).  Thus, even if the Court could construe the Petition as an attack on the IJ's bond determination, the Court would deny the claim.

**IV.    Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Uzair Ahmed Chowdhury's Petition for a Writ of Habeas Corpus, ECF

No. 1, is **DENIED**;

2.    All pending motions are **DENIED AS MOOT**; and

3.    This case is now **CLOSED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE